UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT T LAY, <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF MICHAEL DAVID OLSEN et al, <br><br> Defendants. | Case No. 3:25-cv-05122-BHS <br><br> ORDER |

This matter comes before the Court on plaintiff's motion to proceed in forma pauperis ("IFP") regarding his proposed complaint. Dkt. 1. Plaintiff is unrepresented by counsel. This matter has been referred for review of the IFP application. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

Because there are deficiencies in the complaint (discussed below), the Court will not direct service of the complaint at this time. On or before **April 15, 2025,** plaintiff is ORDERED to either (1) show cause why this cause of action should not be dismissed or (2) file an amended complaint addressing the deficient aspects of the proposed complaint.

DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). But the court has broad

ORDER - 1

discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER - 2

### A. Rule 8

Under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege facts that would plausibly show they are entitled to any relief.  Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here plaintiff names twelve defendants and asserts claims based on allegations that an unlicensed mortgage broker committed various acts and that fiduciary duties were breached, owed by individuals who had a knowledge of the broker's actions. Dkt. 1-1.

Plaintiff alleges that the partnership of Olson, Blair, Macleod, Gruenkemier and others violated multiple Washington State laws and federal laws related to the sale of property in Gig Harbor, but he does not explain what actions the individuals took or how the acts constituted a violation of these laws. *See* Dkt. 1-1 at 4-5. Plaintiff also alleges these violations were caused using a commercial deed of trust in a primary residence or finance without a licensed mortgage broker who is placing the loan against the company, but again, plaintiff does not explain which defendants committed an act or omission, or how any act or failure to act, by any individual, led to the violations alleged. *See id*. at 5-7. Plaintiff has not alleged sufficient factual assertions to support a facially

plausible claim for relief. See *Iqbal*, 556 U.S. at 678. Therefore, plaintiff must either show cause why this matter should not be dismissed for failure to state a claim, or file an amended complaint.

In addition, plaintiff attaches as an exhibit an "Amended Complaint" to alert the Court that he filed a lawsuit in Pierce County Superior Court. *See* Dkt. 1-2. If plaintiff files an amended complaint, it is permissible to have attachments to the amended complaint. Evidentiary exhibits are allowed as attachments in support of plaintiff's allegations – but an attachment is not a substitute for a complaint. Therefore, plaintiff is directed to include relevant facts in the body of the amended complaint.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the Proposed Complaint (Dkt. 1-1). If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before April 15, 2025.**

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether plaintiff has established that this Court has jurisdiction to hear her claim and whether it states a claim for relief. If the amended complaint is not timely filed or fails to adequately

ORDER - 4

address the issues raised herein, the undersigned will recommend dismissal of this action.

**The Clerk is directed to re-note plaintiff's IFP application to April 15, 2025.**

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge