UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT T LAY,

            Plaintiff,

  v.

ESTATE OF MICHAEL DAVID OLSEN et al,

           Defendants.

Case No. 3:25-cv-05122-BHS

REPORT AND RECOMMENDATION

Noted for: May 27, 2025

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. On February 13, 2025, plaintiff filed a motion to proceed in forma pauperis (IFP) regarding his proposed complaint. Dkt. 1. After screening the proposed complaint, the Court ordered plaintiff to show cause why his complaint should not be dismissed for failure to state a claim. Dkt. 3. The Court ordered plaintiff to either show cause by April 15, 2025 why the complaint should not be dismissed without prejudice or file an amended complaint. *Id*.

Plaintiff has not responded to the Court's Order. Accordingly, the undersigned recommends the Court dismiss this matter without prejudice for failure to prosecute.

## DISCUSSION

**I.    Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for

REPORT AND RECOMMENDATION - 1

dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id*. at 633.

In determining whether plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor weighs against dismissal because the defendants have not been served in this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered plaintiff to show cause why this matter should not be dismissed and has given plaintiff an opportunity to amend the complaint. Plaintiff has not responded to the

NOTED FOR: MAY 27, 2025 - 2

Court's Order. The Court finds that only one less drastic sanction is realistically available.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.    Failure to State a Claim

Additionally, plaintiff's proposed amended complaint (Dkt. 1-1), and this action, should be dismissed without prejudice for failure to state a claim. The Court must dismiss the complaint of a prisoner proceeding in forma pauperis "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319 (1989). Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of [the] complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987).

On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)). The Court liberally construes pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Yet, Rule 8(a) of the Federal Rules of Civil Procedure provides that, for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Wainscott v. San Diego Cty.*, 9 F.3d 1555 (9th Cir. 1993).

Here plaintiff fails to state a claim upon which relief can be granted. Plaintiff names twelve defendants and asserts claims based on allegations that an unlicensed

NOTED FOR: MAY 27, 2025 - 4

mortgage broker committed various acts and that fiduciary duties were breached, owed by individuals who had a knowledge of the broker's actions. Dkt. 1-1.

Plaintiff alleges that the partnership of Olson, Blair, Macleod, Gruenkemier, and others, violated multiple Washington State laws and federal laws related to the sale of property in Gig Harbor, but he does not explain what actions the individuals took or how the acts constituted a violation of these laws. *See* Dkt. 1-1 at 4-5. Plaintiff also alleges these violations were caused using a commercial deed of trust in a primary residence or finance without a licensed mortgage broker who is placing the loan against the company, but again, plaintiff does not explain which defendants committed an act or omission, or how any act or failure to act, by any individual, led to the violations alleged. *See id*. at 5-7. Plaintiff has not alleged sufficient factual assertions to support a facially plausible claim for relief. See *Iqbal*, 556 U.S. at 678.

Plaintiff attaches an "Amended Complaint" to alert the Court that he filed a lawsuit in Pierce County Superior Court. *See* Dkt. 1-2. But plaintiff does not include facts in the body of the complaint.

In sum, plaintiff has failed to assert facts to support allegations of what happened, when it happened, who was involved, and how the persons who allegedly are responsible caused any violation of his rights. As such, because plaintiff has failed to state a claim, his IFP motion should be denied, and his complaint should be dismissed.

CONCLUSION

Plaintiff's IFP motion should be DENIED, and his proposed amended complaint (Dkt. 1-1) should be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 27, 2025, as noted in the caption.

Dated this 12th day of May, 2025

*/s/ Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge